# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOHNNY CLINT WIGGINS,

      Plaintiff,

  v.            CASE NO.17-3080-SAC

D. SISCO, et al.,

      Defendants.

## MEMORANDUM AND ORDER

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. By order of September 8, 2017, U.S. Magistrate Judge David J. Waxse directed Plaintiff to show cause to the undersigned why Counts I, II, III, and IV of Plaintiff's complaint should not be dismissed for failure to state a claim upon which relief may be granted. Before the Court is Plaintiff's response (Doc. #15) to the show cause order, as well as two motions and an objection (Doc. #5, 6, and 18).

**I. Response to Show Cause Order**

Plaintiff filed a timely response (Doc. #15) to the Court's order to show cause. In that pleading, Plaintiff objects to the Court's findings for each of the four counts that are subject to dismissal. After considering Plaintiff's response and the additional information he provided, the Court finds that Counts I, II, III, and IV should be dismissed.

1

### A. Counts I and II

Counts I and II allege Plaintiff was deprived of his due process rights in connection with a disciplinary investigation and hearing. The Due Process Clause of the Fourteenth Amendment prohibits the government from depriving an individual of life, liberty, or property without due process of law. U.S. Const. amend. XIV. "To determine whether a plaintiff was denied procedural due process, we engage in a two-step inquiry: (1) Did the individual possess a protected interest to which due process protection was applicable? (2) Was the individual afforded an appropriate level of process?" *Washington v. Unified Gov't of Wyandotte Cty.*, 847 F.3d 1192, 1201 (10th Cir. 2017) (internal quotation marks omitted).

Judge Waxse correctly found, based on the facts alleged in the Complaint and Supreme Court precedent, that Plaintiff had not shown that a protected interest was at stake because he did not show either that he was subjected to atypical and significant hardship in relation to the ordinary incidents of prison life or that the disciplinary action affected the duration of his confinement. See *Sandin v. Conner,* 515 U.S. 472, 484, 487 (1995). In his response, Plaintiff makes three arguments for why he has a protected liberty interest. First, he clarifies that he was deprived of good time credits as a result of the disciplinary action, resulting in Plaintiff's term of confinement being extended by 60 days. Second, Plaintiff argues that the Prison Rape Elimination Act ("PREA") confers rights that entitle him to constitutional due process protection. Third, Plaintiff claims he was classified as a sexual predator as a result of the disciplinary proceeding. He argues this classification implicates a protected liberty interest.

### i. Loss of Good Time Credits

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418

2

U.S. 539, 556 (1974). However, an inmate subject to disciplinary sanctions that include the loss of good time credits must receive (1) twenty-four-hour advanced written notice of the charges against him, *id.* at 563-64; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the action, *id.* at 564-65; (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," *id.* at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, *id.* at 570; and (5) a sufficiently impartial fact finder, *id.* at 570-71. A revocation of good time must also be "supported by some evidence in the record." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985).

While Plaintiff's loss of good time credits does implicate a protected liberty interest entitling him to due process, unfortunately his challenge to the disciplinary proceedings is not properly raised in this § 1983 action. Instead, challenges to disciplinary proceedings that result in the loss of good time credits are properly litigated in a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-89 (1973). This is because a favorable outcome would result in the restoration of credit and a shorter sentence. *Id*. A prerequisite to filing a habeas corpus petition in federal court is that the petitioner must have properly and fully exhausted all remedies available in the state courts. *See* 28 U.S.C. § 2254; *Duncan v. Gunter,* 15 F.3d 989, 991 (10th Cir. 1994). It does not appear that Plaintiff's claims have been presented to the state district and appellate courts.

Section 1983 is also not applicable to "challenges to punishments imposed as a result of prison disciplinary infractions," unless the disciplinary conviction has already been invalidated. *Cardoso v. Calbone,* 490 F.3d 1194, 1199 (10th Cir. 2007). The U. S. Supreme Court has held that when a state prisoner seeks damages in a § 1983 lawsuit based on an allegedly invalid

3

conviction, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey,* 512 U.S. 477, 487 (1994). In *Edwards v. Balisok,* 520 U.S. 641, 648 (1997), the Supreme Court extended the principles of *Heck* to prison disciplinary proceedings and the loss of good time credit. *Cardoso,* 490 F.3d at 1199; *see also Mariani v. Stommel,* 251 F. App'x 536, 541 (10th Cir. 2007) (unpublished).

Plaintiff seeks to challenge the validity of the disciplinary proceeding and sanctions against him that included the loss of good time. It is clear from his allegations that a judgment in his favor here would necessarily imply the invalidity of that disciplinary conviction. Since Plaintiff has not demonstrated that his disciplinary conviction has already been invalidated, Counts I and II of this § 1983 complaint are subject to dismissal as premature and barred by *Heck* and *Balisok*. *See Cardoso,* 490 F.3d at 1199.

### ii. PREA Violations

Plaintiff also argues that Defendants violated provisions of the PREA and that these violations should entitle him to recover in this civil rights action. "Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights privileges, or immunities secured by the Constitution and laws.'" *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). "In order to seek redress through § 1983, however, a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*." *Id.* (emphasis in original) (citing *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 106 (1989)). The PREA, 42 U.S.C. § 15601-15609, "authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a study commission," but there is nothing in the PREA to indicate that it created a

4

private right of action, enforceable under § 1983. *Porter v. Jennings*, No. 1:10-cv-01811-AWI-DLB PC, 2012 WL 1434986, at *1 (E.D. Cal. Apr. 25, 2012); see also *Burke v. Corr. Corp. of Am.*, No. 09-3068-SAC, 2010 WL 890209, at *2 (D. Kan. Mar. 10, 2010); *Moorman v. Herrington,* 2009 WL 2020669 (W.D. Ky. 2009)(unpublished opinion)(citing cases from other jurisdictions); *De'lonta v. Clarke,* No. 7:11–cv–00483, 2013 WL 209489 at *3 (W.D. Va. Jan. 14, 2013); *Chinnici v. Edwards*, No. 1:07-cv-229, 2008 WL 3851294, at *3 (D. Vt. Aug. 13, 2008). The Court concludes that, as a matter of law, Plaintiff cannot pursue a § 1983 claim based on Defendants' alleged failure to comply with state investigative procedures implemented because of the PREA.

### iii. Classification as Sexual Predator

Plaintiff's final argument for why he is entitled to due process protection is that he was classified as a "sexual predator" as a result of the disciplinary conviction and this classification implicated a liberty interest. Plaintiff cites the Tenth Circuit case of *Gwinn v. Awmiller,* 354 F.3d 1211 (10th Cir.2004). In *Gwinn,* the plaintiff alleged that prison officials deprived him of a liberty interest "without affording him the procedural protections required by the Due Process Clause" by classifying him as a sex offender when 1) he had not been convicted of a sexual offense and 2) he claimed he had not committed the charged sexual assault. *Id.* at 1216. Similarly to here, Mr. Gwinn was provided a hearing but argued the hearing did not satisfy the requirements of due process. *Id.* at 1217–18.

The Tenth Circuit found that Mr. Gwinn's loss of the ability to earn good time credits at a higher rate resulting from his classification as a sex offender implicated a protected liberty interest. *Id.* at 1218–19. Consequently, he was entitled to the following process prior to being classified: notice of the charges, an opportunity to present witnesses and evidence, an impartial

decision maker, a written statement by the decision maker of the evidence relied on and the reasons for the disciplinary action, and a decision supported by some evidence. *Id.* at 1219.

However, the Tenth Circuit has also found that if the required process has been provided in a hearing on an underlying disciplinary violation, no additional process is due before classifying a prisoner as a sex offender. *Mariani,* 251 F. App'x at 540 ("So long as a prior prison disciplinary proceeding provided as much process as the prisoner would be entitled to at a classification hearing, the prisoner has been treated fairly."); *Amin v. Voigtsberger*, 560 F. App'x 780, 783 (10th Cir. 2014).

Based on Mr. Wiggins' allegations, it appears he may not have received adequate process prior to the classification as a sexual predator. However, because a finding in his favor on the classification portion of his claim would necessarily call into question the underlying disciplinary conviction, this claim is also barred as premature under *Heck*. The Court must presume that Plaintiff was provided due process in the disciplinary proceedings until he has established otherwise through the proper administrative appeal process or an appropriate habeas corpus action. Consequently, the only process due Mr. Wiggins prior to being classified as a sexual predator was notification that he was classified based upon his prior disciplinary conviction. *Mariani,* 251 F. App'x at 540 ("Prison officials need do no more than notify such an inmate that he has been classified as a sex offender because of his prior conviction for a sex crime."). Plaintiff apparently received such notification and therefore does not state a claim for a violation of his due process rights.

### B. Count III (Conspiracy/Retaliation)

In his response to the order to show cause, Plaintiff provides the Court with additional information about the alleged motive for the named defendants to have conspired to get him transferred from Lansing Correctional Facility (LCF). The problem is that he alleges this motive

caused the defendants to fabricate a false disciplinary report and to influence the hearing officer, resulting in invalid disciplinary proceedings. As with Plaintiff's previous counts, a judgment in his favor on this claim would obviously call into question the validity of the disciplinary conviction. Until that conviction is found to be invalid, this claim is premature under *Heck*.

   C. **Count IV (Prison conditions at HCF)**

Plaintiff does not raise any new arguments in his response to the order to show cause. He continues to argue that Tenth Circuit precedent establishes a standard of 60 square feet of cell space per prisoner. Plaintiff fails to recognize the subsequent Supreme Court cases finding there is no static test for whether prison conditions rise to the level of cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). "[F]or a condition of confinement to be considered cruel and unusual it must be either: (a) grossly disproportionate to the severity of the crime warranting punishment, (b) involve ... the wanton and unnecessary infliction of pain or (c) deprive inmates of the minimal civilized measure of life's necessities." *Mitchell v. Maynard,* 80 F.3d 1433, 1441–42 (10th Cir. 1996)(citing *Rhodes,* 452 U.S. at 345) (internal quotation marks omitted). In *Rhodes*, the Supreme Court found that the *double*-celling of prisoners in 63 square foot cells was not a constitutional violation. *Rhodes*, 452 U.S. at 352.

Plaintiff also emphasizes that he, along with the other general population inmates at HCF, is confined to his cell for 22.5 hours per day. Even combined with the small cell size and Plaintiff's allegations about the dust and ventilation, these conditions are not the types of "extreme deprivations" that violate the Eighth Amendment. *Hudson v. McMillian,* 503 U.S. 1, 9 (1992); *see Ajaj v. United States,* 293 F. App'x 575, 582–84 (10th Cir. 2008) (finding conditions such as "lockdown 23 hours per day in extreme isolation," "indefinite confinement," and "limited ability to exercise outdoors" did not, individually or in concert, amount to an Eighth Amendment violation).

7

Count IV is subject to dismissal for failure to state a claim.

### D. Summary

For the reasons set forth, the Court concludes that Counts I, II, III, and IV of Plaintiff's complaint must be dismissed pursuant to 28 U.S.C. §§ 1915A(b) because he fails to state a claim on which relief may be granted.

## II. Objection to In Forma Pauperis Order (Doc. #5)

Plaintiff filed an objection (Doc. #5) to the Court's order granting Plaintiff in forma pauperis status, assessing an initial filing fee, and ordering the remainder of the fee to be paid in monthly installments. His objection was based on the KDOC policy of depleting a prisoner's cash account before allowing the use of forced savings. Four days after filing his objection, Plaintiff paid the entire filing fee, thus making Plaintiff's objection moot. Consequently, Plaintiff's objection is overruled.

## III. Motion to Appoint Counsel (Doc. #6)

Plaintiff also filed a motion to appoint counsel on August 30, 2017 (Doc. #6). There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006), *citing Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (*citing Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). In deciding whether to appoint counsel, the Court has considered "the merits of the prisoner's

claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. Because the Court has determined that all but one of Plaintiff's claims are subject to dismissal and the remaining claim does not appear at this time to involve complex issues, Plaintiff's motion is denied without prejudice.

### IV. Motion for Leave to Submit Conventional Filings and for Laboratory Testing and Appointment of Health Inspector (Doc. #18)

Lastly, Plaintiff filed a motion for leave to file certain exhibits conventionally and for the Court to order laboratory testing of dust samples and the appointment of an inspector to examine the cellhouse where Plaintiff is confined. The exhibits are samples of dust from his cell at HCF, and Plaintiff alleges they will support the Eighth Amendment prison conditions claim in Count IV of his complaint. Because the Court concludes that Plaintiff has not stated an actionable claim in Count IV, Plaintiff's motion is denied as moot.

**IT IS THEREFORE ORDERED** that Counts I, II, III, and IV of Plaintiff's complaint are dismissed without prejudice for failure to state a claim on which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's objection to the in forma pauperis order (Doc. #5) is overruled.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Doc. #6) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to submit conventional filings and for laboratory testing (Doc. #18) is denied.

**IT IS SO ORDERED.**

DATED: This 31st day of October, 2017, at Topeka, Kansas.

**s/_Sam A. Crow_____**
**SAM A. CROW**
**U.S. Senior District Judge**