## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOHNNY CLINT WIGGINS,

                    **Plaintiff,**

    v.                                                 CASE NO. 17-3080-SAC

D. SISCO, et al.,

                    **Defendants.**

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Reconsider (Doc. #33). Plaintiff asks the Court to reconsider its order dated October 31, 2017 (Doc. #19), dismissing Counts I, II, III, and IV of Plaintiff's Complaint for failure to state a claim on which relief may be granted. As the order did not adjudicate all of Plaintiff's claims, it did not result in the entry of judgment and Plaintiff's motion is considered a general motion directed at the Court's inherent power to reopen any interlocutory matter at its discretion. *See Price v. Philpot*, 420 F.3d 1158, 1167 & n. 9 (10th Cir. 2005); Fed.R.Civ.P. 54(b).

    **I.**    **Discussion**

        **A.**  *Heck* **bar (Counts I, II, and III)**

Mr. Wiggins argues in his motion that he did not in fact lose any good time credits as a result of the disciplinary action. He alleges he merely lost the opportunity to earn 60 days of good time. Mr. Wiggins then argues that because he did not lose any good time credits, *Heck* should not apply and he should be allowed to proceed on Counts I, II, and III of his Complaint.

If Mr. Wiggins did not lose good time credits, *Heck* does not bar his claims. *See Muhammad v. Close,* 540 U.S. 749, 751 (2004) (per curiam) ("*Heck*'s requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence."); *see also Requena v. Roberts*, 552 F. App'x 853, 856 n. 4 (10th Cir. 2014).

However, without the loss of good time, Plaintiff's case returns to the position it was in when the Court issued the order to show cause: Mr. Wiggins's Complaint does not show that he had a protected liberty interest as stake. Punishments other than loss of good time constitute deprivations of liberty requiring due process safeguards only if they impose "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1985). According to Plaintiff, "[t]he only sanctions that were imposed by the Disciplinary Court on December 29, 2015, was, 45 days of disciplinary segregation and 60 days of privilege restrictions." Doc. #33 at 2. These are not punishments that impose an atypical and significant hardship in relation to the ordinary incidents of prison life. As a result, Mr. Wiggins was not entitled to due process safeguards at his disciplinary hearing. The Court agrees with Mr. Wiggins that he was clearly not provided with due process at the hearing. However, based on his allegations, he was not entitled to such process.

### B. Retaliation claim (Counts I, II, III)

Upon reconsideration, the Court finds that it needs additional information from appropriate officials of the Lansing Correctional Facility (LCF) to properly screen Plaintiff's retaliation claim. To state a retaliation claim, a prisoner must allege that he engaged in protected conduct, that the defendants took adverse action against him as a result, and that there was a causal connection between the protected conduct and the adverse action. *Leek v. Miller*, 698 F.

App'x 922, 925 (10th Cir. 2017) (citing *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007)).  The adverse action taken must be sufficient to deter or "chill" a person of ordinary firmness from exercising his constitutional rights.  *Id.*  However, the adverse action does not need to rise to the level of an independent constitutional violation to support a retaliation claim, nor is it required to impose an atypical and significant hardship as is required to support a due process claim.  *Cody v. Weber*, 256 F.3d 764, 771 (8th Cir. 2001).

In Mr. Wiggins's case, he alleges the defendants brought a false disciplinary charge against him, failed to conduct more than a minimal investigation to support the charge, held a hearing on the charge without allowing him to be present, had Defendant Wildermuth act as his proxy at the hearing even though he had lodged numerous complaints against her in the past and she had been involved in investigating the charge, changed his security classification causing him to lose his job, placed him in segregation for three months, caused him to lose the prison dog he cared for, labeled him as a sexual predator, and transferred him away from LCF.  Mr. Wiggins claims this was done in retaliation for his filing of numerous grievances against LCF officials, for attempting to expose corruption at LCF, and for attempting to get criminal charges filed against Defendant Wildermuth for violation of his religious rights under state law.  While Mr. Wiggins does not have an independent constitutional right to remain in the general population or to be confined at any particular facility or to a particular job or to have a dog, he does have a right to file grievances and to complain about staff members without being retaliated against. *See Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991); *Leek*, 698 F. App'x at 925.

The Court finds that the proper processing of Plaintiff's allegations of retaliation cannot be achieved without additional information from appropriate officials of LCF.  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).  Accordingly, the Court orders the appropriate officials to

prepare and file a *Martinez* report.  Once the report and Defendants' answers have been received, the Court can properly screen Plaintiff's retaliation claim under 28 U.S.C. § 1915.

### C.  Equal protection (Counts I, II, III)

Mr. Wiggins also alleges in his motion that the Court failed to address his equal protection claims.  Mr. Wiggins mentions equal protection in his Complaint, but he did not elaborate beyond saying his "rights to due process and equal protection of the law . . . guaranteed to the plaintiff under the 14th Amendment" were violated.  He alleges here that he had the right to be "treated equally with the alleged accuser by the investigative agents."  Doc. #33 at 4.

To state an equal protection claim, a plaintiff must show the government treated him differently that others who were similarly situated.  *Penrod v. Zaravas*, 94 F.3d 1399, 1406 (10th Cir. 1996).  "[T]he Equal Protection Clause does not forbid differential treatment per se; rather, '[i]t simply keeps governmental decision makers from treating differently persons *who are in all relevant respects alike.*'"  *Burnett v. Leatherwood*, 557 F. App'x 739, 743 (10th Cir. 2014) (quoting *Taylor v. Roswell Ind. Sch. Dist.,* 713 F.3d 25, 53–54 (10th Cir. 2013)).  "[T]o assert a viable equal protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them."  *Brown v. Montoya*, 662 F.3d 1152, 1172–73 (10th Cir. 2011) (citing *Barney v. Pulsipher,* 143 F.3d 1299, 1312 (10th Cir. 1998)).  And where, as here, the challenged government action does not implicate a fundamental right or a protected class, the differential treatment needs only a "rational relation to some legitimate end."  *Price–Cornelison v. Brooks,* 524 F.3d 1103, 1110 (10th Cir. 2008) (internal quotation marks omitted).

Mr. Wiggins has not alleged facts showing that he and the accuser were similarly situated because he cannot.  The accuser and the accused, or alleged victim and perpetrator, are not

similarly situated.  See *Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1219 (10th Cir. 2011) (stating that a plaintiff's 42 U.S.C. § 1983 claim was properly dismissed when it failed to provide specific examples of similarly situated individuals who received different treatment); *Katz v. City of Aurora,* 85 F. Supp. 2d 1012, 1020 (D. Colo. 2000) (holding that in order to plead an equal protection claim under 42 U.S.C. § 1983, plaintiff, who was accused of sexual harassment, needed to allege that he was treated differently than someone else who had been accused of sexual harassment).  Mr. Wiggins has not stated an equal protection claim.

### D.  Due process right to mandatory procedures of PREA (Count I)

Plaintiff has not raised any new arguments on the PREA issue.  As the Court found in its previous order, the PREA does not create substantive rights for prisoners.  In other words, Plaintiff has no enforceable right to have the procedures required by the PREA followed and no right to enforce those procedures here.

### E.  Classification as sexual predator (Count III)

Mr. Wiggins also attempts to clarify his argument about being "classified" as a sexual predator.  He does not appear to allege he has been officially classified but rather that statements were made by Defendants Bailey and Wildermuth in response to the grievance he filed regarding the investigation of the disciplinary charge brought against him.  He claims this grievance response was then made part of the record of the hearing on the disciplinary charge and was used to bolster the false charge and resulting finding at that hearing.  Plaintiff alleges this label was applied without the required process.

The Court finds that the proper processing of Plaintiff's allegations related to his classification as a sexual predator cannot be achieved without additional information from appropriate officials of LCF.  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Accordingly, the Court orders the appropriate officials to prepare and file a *Martinez* report. Once the report and Defendants' answers have been received, the Court can properly screen this portion of the Complaint under 28 U.S.C. § 1915.

### F. Conditions of confinement at HCF (Count IV)

In addition to revisiting issues already addressed by the Court in its order to show cause and in its order dismissing Count IV of Plaintiff's Complaint, Mr. Wiggins adds to his previous allegations about the conditions at Hutchinson Correctional Facility (HCF). He claims prison gangs control the inmate population in the central maximum security facility at HCF. He further alleges the vast majority of inmates in the maximum security unit are from minority groups, while the majority of KDOC staff members are white.

These new allegations are general complaints that Mr. Wiggins is attempting to raise on behalf of other inmates or the inmate population generally. "[G]eneral observations" about prison conditions are not actionable under 42 U.S.C. § 1983. *Swoboda v. Dubach,* 992 F.2d 286, 289-90 (10th Cir. 1993). To have standing to raise claims under § 1983, a prisoner must state "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how the conditions caused him injury." *Id.* at 289.

Plaintiff's motion is denied as to Count IV of his Complaint.

### G. Defendant Goddard

Plaintiff names Johnnie Goddard, Deputy Secretary of the Kansas Department of Corrections, as a defendant. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory

allegations of involvement are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

An official's liability may not be predicated solely upon a theory of *respondeat superior*. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 n. 4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995).  To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation.  *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988).  "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."  *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).  Furthermore, the allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show personal participation.  *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (A "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *see Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012).

The only allegations Plaintiff makes about Defendant Goddard are that he merely "rubber stamped" the disciplinary hearing result during Plaintiff's administrative appeal and that he failed to take any action as to the conditions of confinement at HCF.  Doc. #1 at 16, 24.  These allegations are not sufficient to show the personal participation of Defendant Goddard in the alleged violations of Plaintiff's rights.  As a result, Defendant Goddard is dismissed from this action.

**II.     Summary**

Upon reconsideration of is order of October 31, 2017, the Court finds the order should be modified in certain respects.  The Court finds that it needs additional information to process Plaintiff's claims that he was classified as a sexual predator without due process and that he suffered unconstitutional retaliation and therefore orders a *Martinez* report on those claims. Because these claims are bound up with the allegations contained in Counts I, II, and III, the Court finds that those counts should not be dismissed at this time.  The Court finds no cause to modify its order dismissing Count IV of Plaintiff's Complaint alleging unconstitutional prison conditions at Hutchinson Correctional Facility.  The Court further finds that Defendant Goddard is subject to dismissal from this action.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to reconsider (Doc. #15) is granted as to Counts I, II, and III of Plaintiff's Complaint and denied as to Count IV.

**IT IS FURTHER ORDERED** that Defendant Johnnie Goddard is dismissed from this action.

**IT IS FURTHER ORDERED**:

(1)     The Clerk of the Court shall prepare waiver of service forms for Defendants Sisco, Lucht, Wildermuth, Hunt, Pryor, and Bailey, pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to be served at no cost to Plaintiff absent a finding by the Court that Plaintiff is able to pay such costs.

(2)     The report required herein shall be filed no later than sixty (60) days from the date of this order, and the answers of Defendants Sisco, Lucht, Wildermuth, Hunt, Pryor, and Bailey shall be filed within thirty (30) days following receipt of that report by counsel for Defendants.

(3)     Officials responsible for the operation of the Lansing Correction Facility are directed to undertake a review of the subject matter of the Complaint:

a.     To ascertain the facts and circumstances;

b.     To consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint; and

c.     To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this complaint and should be considered together.

(4)     Upon completion of the review, a written report shall be compiled which shall be filed with the Court.  Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.  Any recordings of the incident(s) underlying Plaintiff's claims shall also be included.

(5)     Authorization is granted to the officials of the KDOC to interview all witnesses having knowledge of the facts, including the plaintiff.

(6)     No answer or motion addressed to the Complaint shall be filed until the *Martinez* report required herein has been prepared and filed.

(7)     Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendants' answers or responses to the Complaint and the report ordered herein.  This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS SO ORDERED.**

DATED:  This 23rd day of February, 2018, at Topeka, Kansas.

**s/ Sam A. Crow**
**SAM A. CROW**
**U.S. Senior District Judge**