## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOHNNY CLINT WIGGINS,

       **Plaintiff,**

    **v.**            **CASE NO. 17-3080-SAC**

D. SISCO, et al.,

       **Defendants.**


## MEMORANDUM AND ORDER


This matter comes before the Court on Plaintiff's Motion for Rule 54(b) Certification Order. Plaintiff asks that the Court direct entry of a final judgment as to Plaintiff's claim alleging unconstitutional conditions of confinement at Hutchinson Correctional Facility (Count IV of Plaintiff's complaint).

Rule 54(b) provides that "[w]hen more than one claim for relief is presented in an action . . ., the court may direct entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b).

Thus, the Court must find both that the judgment as to which certification is sought is final "in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action" and further that there exists no just reason to delay entry of judgment. *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7 (1980). The Court's discretion to

grant or deny certification "is to be exercised 'in the interest of sound judicial administration.'" *Id.* at 8 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956).

In determining whether the judgment is final for purposes of Rule 54(b), "[f]actors the district court should consider are 'whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.'" *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8). Because Plaintiff's unadjudicated claims involve allegations against staff at a different facility (Lansing Correctional Facility), as well as a discrete claim of unconstitutional censorship at Hutchinson Correctional Facility, and because these claims involve different issues, the Court finds its judgment dismissing Count IV of Plaintiff's complaint is final and there is no just reason to delay entry of judgment.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Rule 54(b) Certification Order is granted, and the Clerk of the Court shall enter final judgment dismissing Count IV of Plaintiff's complaint.

**IT IS SO ORDERED.**

DATED: This 23rd day of February, 2018, at Topeka, Kansas.


s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**